IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOYCE BRANCH-WILLIAMS,

    *Plaintiff*,

    v.

THE UNITED STATES
DEPARTMENT OF VETERANS
AFFAIRS, ET AL.,

    *Defendants*.

Civil Action No. ELH-12-0578

**MEMORANDUM OPINION**

On February 23, 2012, the self-represented plaintiff, Joyce Branch-Williams, filed a Complaint arising out of her discharge in 2005 as a social worker from the United States Department of Veterans Affairs ("DVA") (ECF 1). She has sued eleven defendants: Robert R. Davis, Beth Carr, Jeffrey M. Craig, Karen Thomas, Rick Wright, Charles Johnson, and Misty Poe, all employees of the Perry Point VA Medical Center; John Berry, Director of the United States Office of Personnel Management ("OPM"); Patrick E. McFarland, the Inspector General of OPM; the Human Resources Department of Perry Point Medical VA Center; and OPM. *See id.* The Complaint asserts a variety of claims, including slander, defamation, perjury, fraud, intentional infliction of emotional distress, and breach of contract. *See id*.

Defendants filed a "Motion to Dismiss" ("Motion," ECF 11) on April 23, 2012, asserting that Branch-Williams's claims are barred under the doctrines of res judicata and collateral estoppel. Claiming that plaintiff is a "serial filer," ECF 11-1 at 1, they also seek "a prefiling injunction," precluding Branch-Williams from filing further actions related to her discharge in 2005, without first obtaining leave of court. The defense also filed numerous exhibits in support

of the Motion.  The Motion has been fully briefed[1] and no hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons that follow, I will grant the Motion in regard to dismissal and deny it as to the request for a prefiling injunction.

## I.  BACKGROUND

The Complaint alleges that in 2005 defendants "unlawfully terminated" Branch-Williams from her position as a social worker with the DVA for failing to obtain a required social work license.  *See* Complaint.  Further, the Complaint alleges that defendants "conspired" to commit the various alleged torts, which she traces to a series of emails exchanged between March 2005 and March 2006, in which the defendants discussed her discharge for failing to procure the requisite license.  *See id.*  Branch-Williams requests injunctive relief as well as monetary damages in the amount of $10,500,000.  *See id.*

Branch-Williams has previously litigated her 2005 discharge in several instances and in various forums.  To date, each of her claims has been dismissed.  In particular, she filed three petitions with the Merit Systems Protection Board, three appeals to the United States Court of Appeals for the Federal Circuit, two discrimination complaints with the EEOC, and two appeals to the Equal Employment Opportunity Commission Office of Federal Operations.  *See* Motion, Exhs. 1-8.

Moreover, this is Branch-Williams's *fourth* complaint in federal district court arising out of her 2005 termination from the DVA.  In 2007, Judge Quarles dismissed, on summary judgment, plaintiff's claims for wrongful discharge, retaliatory discrimination, harassment, and

---

[1] In response to the Motion, plaintiff filed an opposition, along with a motion to compel discovery (ECF 13), as well as numerous exhibits.  Thereafter, defendants filed a reply (ECF 14).  Then, plaintiff filed a reply (ECF 15).  In addition, plaintiff recently filed a motion for summary judgment (ECF 17).

sexual harassment.  *See Branch-Williams v. Nicholson ("Branch-Williams I")*, Civ. No. WDQ-06-1327, 2007 WL 4468708, at *3-8 (D. Md. Apr. 2, 2007).  In 2010, Judge Motz dismissed another complaint arising out of plaintiff's 2005 discharge as barred by res judicata because of the 2007 decision.  *See Branch-Williams v. Spencer ("Branch-Williams II")*, Civ. No. JFM-09-2687, 2010 WL 231746 (D. Md. Jan. 13, 2010).  Most recently, Branch-Williams filed a complaint alleging claims essentially identical to the ones presented here.  I dismissed that suit, without prejudice, for failure to comply with federal pleading requirements, because it did not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See Branch-Williams v. Davis, et al. ("Branch-Williams III")*, No. 12-cv206-ELH, slip op. at 3 (D. Md. Jan 31, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

## II.      DISCUSSION

To the extent that Branch-Williams has clarified her claims, it is now apparent that her claims are barred under the doctrine of res judicata.  Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine is intended to preclude parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Id.* at 153-54.  Res judicata applies when the following three elements are present: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Young-Henderson v. Spartanberg Area Mental Health Ctr.*, 945 F.2d 770, 773

(4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)).

Defendants contend that res judicata bars Branch-Williams's claims because this Court has already issued a final decision on the merits on claims against defendants or their privies regarding her discharge from the DVA. *See Branch-Williams I.* Although the claims here present slightly different causes of action, I agree that all three elements required for claim preclusion are met.

First, as noted, Branch-Williams has filed three prior complaints arising out of her discharge from the DVA, one of which was decided by a final judgment on the merits. *See id.* Indeed, this Court has previously dismissed allegations arising out of the 2005 discharge on grounds of res judicata based on the 2007 decision. *See Branch-Williams II.* Thus, I have no hesitation in finding satisfaction of the first element.

Second, a cause of action is "identical" for purposes of res judicata if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986). The claims presented here clearly arise out of the 2005 discharge from the DVA, and therefore "involve right[s] arising out of the same transaction or series of connected transactions" as earlier alleged. *See id.* Moreover, "[a] plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of res judicata. *Onawola v. Johns Hopkins Univ.*, Civ. No. AMD 07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007) (citing *Harnett*, 800 F.2d at 1314); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982). Accordingly, that Branch-Williams

relies on theories of relief that differ from her prior complaints does not bar the application of res judicata in this case.

Finally, the defendants in this case are in privity with the defendants in the previous cases. Parties are in privity for purposes of res judicata where they are "so identified in interest . . . that [they] represent the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005). Moreover, "[p]rivity exists where a plaintiff attempts to relitigate the same claim by naming different governmental entities and employees as defendants." *Kayzakian v. Buck*, 865 F.2d 1258, at *2 (4th Cir. 1988) (per curiam) (citing *Mears v. Town of Oxford, Md.*, 762 F.2d 368, 371 n. 3 (4th Cir.1985)). The defendants here merely represent a different subset of officials and departments allegedly involved in Branch-Williams's 2005 discharge, and therefore share the interests of the parties previously sued by Branch-Williams. *See id.* Consequently, the privity requirement is met.

Accordingly, I conclude that Branch-Williams's claims are barred by the doctrine of res judicata. The Complaint is dismissed, with prejudice. It follows that plaintiff's Motion to Compel Discovery (ECF 13) and her Motion for Summary Judgment (ECF 17) are moot, and are therefore denied on that basis.

Defendants have also moved for "a prefiling injunction" against Branch-Williams for any actions related to her 2005 discharge from the DVA. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (citing All Writs Act, 28 U.S.C. § 1651(a)). Despite the repetitive and vexatious litigation pursued by plaintiff over the last seven years, I am not yet persuaded that such action would be appropriate. *See id.* (recognizing authority of federal courts to limit court access by "vexatious and repetitive litigants").

Although Branch-Williams was specifically informed in the 2010 dismissal that her claims are barred under res judicata, *see Branch-Williams II*, a self-represented plaintiff lacking familiarity with legal doctrine might not understand the import of the decision going forward. Plaintiff may well have believed that naming different defendants and relying on different causes of action would remedy the deficiencies in her prior lawsuits.  Absent any evidence that Branch-Williams acted with the intention to harass, I do not believe that the imposition of this extraordinary remedy is merited.  *See Cromer*, 39 F.3d at 817-18 (listing factors to consider in entering a prefiling injunction, including pursuit of litigation "intended to harass") (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *see Whitehead v. Viacom*, 233 F. Supp. 2d 715, 726 (D. Md. 2002) (same).  However, plaintiff is cautioned that her self-represented status does not give her "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## III.   CONCLUSION

For the foregoing reasons, this Court will grant the Motion in regard to dismissal and deny it as to the request for a prefiling injunction.   A separate Order, consistent with this Opinion, follows.


Date: October 3, 2012                            _____/s/_____
                                                 Ellen Lipton Hollander
                                                 United States District Judge